## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WALGREEN CO., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-cv-989-RGA |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| THERANOS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF WALGREEN CO.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

OF COUNSEL:

David A. Gordon
Kristen R. Seeger
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Kevin R. Shannon (#3137)
Christopher N. Kelly (#5717)
Alan R. Silverstein (#5066)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
kshannon@potteranderson.com
ckelly@potteranderson.com
asilverstein@potteranderson.com

Dated: September 17, 2018
Public version dated: September 24, 2018

*Attorneys for Plaintiff Walgreen Co.*

**TABLE OF CONTENTS**

NATURE AND STATE OF THE PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT AND STATEMENT OF FACTS .................................................1

ARGUMENT ........................................................................................................................2

      I.      Legal Standard ........................................................................................................2

     II.      Theranos has Breached the Settlement Agreement and Walgreens is Entitled to Judgment as a Matter of Law .................................................................................4

CONCLUSION .......................................................................................................................7

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Advance Cable Co. v. The Cincinnati Ins. Co.*,
C.A. No. 13-cv-229-wmc, 2014 WL 975580 (W.D. Wis. Mar. 12, 2014) ......................................3

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ..............................................................................................................1, 3

*Brandywine Smyrna, Inc. v. Millenium Builders, LLC*,
34 A.3d 482 (Del. 2011) ............................................................................................................6

*Cordoba v. Dillard's, Inc.*,
419 F.3d 1169 (11th Cir. 2005) ..................................................................................................3

*F.E. Myers Co. a Div. of McNeil Corp. v. Pipe Maintenance Services, Inc.*,
599 F. Supp. 697 (D. Del. 1984) .................................................................................................6

*Langella v. Anderson*,
734 F. Supp. 185 (D.N.J. 1990) ..................................................................................................4

*Maya Swimwear Corp. v. Maya Swimwear, LLC*,
855 F. Supp. 2d 229 (D. Del. 2012) .............................................................................................5

*Montgomery Cellular Holding Co. Inc. v. Dobler*,
880 A.2d 206 (Del. 2005) ...........................................................................................................6

*Nat'l Fire and Marine Ins. Co. v. Robin James Const., Inc.*,
478 F. Supp. 2d 660 (D. Del. 2007) .........................................................................................3, 4

*Whitney Bank v. Pullum-Cecilio, LLC*,
C.A. No. 15-002-CG-M, 2015 WL 3719143 (S.D. Ala. June 15, 2015) .........................................3

## <u>STATUTES</u>

6 Del. C. § 2301(a) ...................................................................................................................6

28 U.S.C.A. § 1961 ...................................................................................................................6

## <u>RULES</u>

Fed. R. Civ. P. 56(a) .............................................................................................................1, 2

Fed. R. Civ. P. 56(b) .................................................................................................................3

## NATURE AND STATE OF THE PROCEEDINGS

The facts here are simple and undisputed.  Plaintiff Walgreen Co. ("Walgreens") and

Defendant Theranos, Inc. ("Theranos") entered into a Settlement Agreement and Release (the

"Settlement Agreement") to resolve litigation previously before this Court.  Under the Settlement

Agreement, Theranos agreed to make certain payments to Walgreens, including a $5 million

payment to be paid by Theranos on or before June 30, 2018 (the "June 2018 Payment").

Theranos failed to make the June 2018 Payment on or before the required date, and has not done

so to this day.

As a result of Theranos's failure to pay what the Settlement Agreement requires at the

required time, Walgreens commenced this action on July 2, 2018, bringing a single count for

Theranos's breach of the Settlement Agreement.  D.I. 2.  Theranos answered the Complaint on

July 24, 2018 and admitted that it entered into the Settlement Agreement with Walgreens, D.I. 9

¶ 11, and that it failed to make the June 2018 Payment, *Id.* ¶ 14.  Theranos did not assert

defenses or counterclaims.  Again, the facts are clear and not in dispute.  Pursuant to Fed. R. Civ.

P. 56, Walgreens now moves for summary judgment on its breach of contract claim, and seeks

an Order awarding Walgreens damages in the amount of $5 million, pre- and post-judgment

interest, and such other and further relief as the Court may deem just and proper.

## SUMMARY OF ARGUMENT AND STATEMENT OF FACTS

1.      Summary judgment is warranted because "there is no genuine dispute as to any

material fact," and therefore Walgreens "is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986).

2.      On November 8, 2016, Walgreens filed a civil action, Case No. 1:16-cv-01040-

RGA, in this Court against Theranos, asserting claims of breach of contract.  D.I. 7 ¶ 10.

3.      Walgreens, Walgreens Boots Alliance, Inc., and Theranos entered into a
Settlement Agreement on July 28, 2017 to resolve that action.  *Id.* ¶¶ 11, 20.[1]

4.      The Court dismissed the case on August 8, 2017.  *Id.* ¶ 11.

5.      The Settlement Agreement required Theranos to make multiple payments to
Walgreens, including a five million dollar ($5,000,000.00) payment on or before June 30, 2018.
*Id.* ¶ 13; Seeger Decl. ¶ 4.

6.      Theranos failed to make the June 2018 Payment on or before June 30, 2018, and
has not done so to this day.  D.I. 7 ¶ 14; Seeger Decl. ¶ 5.

7.      Theranos admits that it entered into the Settlement Agreement with Walgreens.
D.I. 9 ¶¶ 11, 20.

8.      Theranos admits that it failed to make the June 2018 Payment.  *Id.* ¶¶ 3, 14.

9.      Theranos admits that it is attempting to "satisfy" the payment, and makes no
suggestion in its Answer that it is not required to satisfy it.  *Id.* ¶ 3 ("Theranos responds that it is
presently making efforts to maximize its potential to satisfy the June 2018 Payment and, subject
to certain events and circumstances, Theranos anticipates that it may be able to satisfy at least a
portion of the June 2018 Payment in the near future.")

10.     Theranos has raised no defenses to Walgreens' claim.  *See generally id.*

## ARGUMENT

### I.      Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The
moving party bears the initial burden "of informing the court of the basis for its motion, and

---

[1] The Settlement Agreement is attached as Exhibit A to the declaration of Walgreens attorney
Kristen R. Seeger ("Seeger Decl."), which is filed concurrently herewith.  *See* Seeger Decl. Ex.
A, Settlement Agreement and Release (the "Settlement Agreement").

identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact." *Nat'l Fire and Marine Ins. Co. v. Robin James Constr., Inc.*, 478 F. Supp. 2d 660, 662 (D. Del. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine issue of material fact exists only when the evidence could allow a reasonable jury to return a verdict for the nonmoving party. *Liberty Lobby,* 477 U.S. at 248. The opposing party cannot create a factual dispute by reciting evidence that will not "affect the outcome of the suit." *Id.*

This motion is timely. The parties have agreed to a schedule allowing for a motion for summary judgment to be filed promptly, and this Court entered an order in accordance with that agreement. D.I. 14. This was entirely appropriate, because a motion for summary judgment may be filed at any time. *See* Fed. R. Civ. P. 56(b). It is particularly appropriate to move for summary judgment at this stage of these proceedings because (1) the defendant has admitted that it has not paid the money owed or satisfied the terms of the contract, (2) the defendant has raised no defenses, and (3) no discovery is necessary to determine the obligations of the defendant, whether the defendant has breached those obligations, or what the damages are. *See*, *e.g.*, *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188 (11th Cir. 2005) (a "prompt decision" on an early motion for summary judgment "will likely avoid significant unnecessary discovery.") (citing *Celotex*, 477 U.S. at 327 ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action.")); *Whitney Bank v. Pullum-Cecilio, LLC*, C.A. No. 15-0002-CG-M, 2015 WL 3719143, at *5–6 (S.D. Ala. June 15, 2015) (granting early motion for summary judgment where Defendants failed to show that additional discovery would alter the outcome of a case controlled by clear contractual terms); *Advance Cable Co. v. Cincinnati Ins. Co*., C.A. No. 13-cv-229-wmc, 2014

WL 975580, at *4 (W.D. Wis. Mar. 12, 2014) (granting plaintiff's early motion for partial summary judgment on its breach of contract claim noting that "[t]he fact that discovery is not complete—indeed has not begun—need not defeat a motion for summary judgment.") (citing James Wm. Moore, *Moore's Federal Practice* §56.100[1] (3d ed. 2013) ("[A]n early summary judgment motion might not be premature if it raises issues that can be resolved fairly without the need for the opposing party to take discovery to gather the responsive proof.")).

## II.  Theranos has Breached the Settlement Agreement and Walgreens is Entitled to Judgment as a Matter of Law

This is a simple breach of contract matter arising from Theranos's breach of the Settlement Agreement.  Where a party to a settlement agreement breaches that agreement, "the remedy . . . is to sue directly on the agreement." *Langella v. Anderson*, 734 F. Supp. 185, 189 (D.N.J. 1990).  To establish a claim for breach of contract under Delaware law,[2] the plaintiff must establish three elements:  (1) the existence of a contract, (2) the breach of an obligation imposed by that contract, and (3) resulting damage to the plaintiff.  *Nat'l Fire*, 478 F. Supp. 2d at 662 (quoting *VLIW Tech., LLC v. Hewlett-Packard Co*., 840 A.2d 606, 612 (Del. 2003)). Walgreens is entitled to summary judgment on its breach of contract claim because the undisputed facts establish all required elements of its claim:  Theranos has admitted in its Answer that it entered into the Settlement Agreement and failed to make the June 2018 Payment, (D.I. 9 ¶¶ 3, 11, 14, 20), Theranos has not raised any defenses, and Theranos cannot offer any evidence that would establish a genuine issue of material fact.

---

[2] The Settlement Agreement specifies that the agreement "shall be governed by and shall be construed according to the laws of the State of Delaware."  *See* Settlement Agreement ¶ 19. Therefore, this Court should apply Delaware law in adjudicating Walgreens' breach of contract claim.

*First*, it is undisputed that Walgreens had a valid and enforceable contract—the Settlement and Release Agreement with Theranos.  *See Maya Swimwear Corp. v. Maya Swimwear, LLC*, 855 F. Supp. 2d 229, 233 (D. Del. 2012) ("An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties.").  Walgreens and Theranos entered into the Settlement Agreement on July 28, 2017.  Settlement Agreement at 1.  Theranos admitted that it entered into the Settlement Agreement (D.I. 9 ¶¶ 11, 20), and Theranos has never challenged the validity or enforceability of the Settlement Agreement or any provision thereunder, nor offered any defense.  Nor can it.  Theranos voluntarily and knowingly entered into the Settlement Agreement and indeed has complied with other payment obligations under the Agreement. Theranos represents that it is "presently making efforts to maximize its potential to satisfy the June 2018 payment" and may, at some unidentified time in the future, be able to "satisfy at least a portion" of its obligation.  *Id.* ¶ 3.  But such unilateral efforts in no way relieves Theranos of its contractual obligations.

*Second*, Theranos breached one of its material obligations under the Settlement Agreement.  Under the terms of the Settlement Agreement, Theranos promised to make several payments to Walgreens, including the $5 million June 2018 Payment, due on or before June 30, 2018.  Settlement Agreement ¶ 5(c).  Theranos failed to make the June 2018 Payment—and has admitted that it failed to make the June 2018 Payment,—by this date.  D.I. 9 ¶¶ 3, 14. Theranos's failure to make the June 2018 Payment constitutes a breach of the Settlement Agreement.

*Third*, as a result of Theranos's failure to make the June 2018 Payment, Walgreens has been damaged by not receiving payment of the full amount due under the Settlement Agreement. Theranos was required to make the June 2018 Payment on or before June 30, 2018.  Theranos

has failed and refused, and—notwithstanding its vague assertion that it "may" be able to make some "portion" of the payment "in the near future," (*Id.* ¶ 3)—continues to fail and refuse, to make the June 2018 payment. Walgreens, accordingly, has suffered damages in an amount totaling no less than $5 million, plus prejudgment, and post-judgment interest in an amount to be determined upon entry of judgment.[3]

The undisputed facts establish that Walgreens and Theranos entered into a binding contract, Theranos breached its obligations under the contract by failing to make payment when due, and that this breach caused Walgreens $5 million in damages. Thus, there is no genuine issue of material fact as to Walgreens' claim for breach of contract against Theranos, and Walgreens is entitled to judgment as a matter of law.

---

[3] Upon entry of judgment, an award of pre- and post-judgment interest is appropriate in this breach of contract action. *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 485–86 (Del. 2011) (holding that Plaintiff was "entitled to recover prejudgment interest for the damages awarded for its breach of contract claim" and noting that "interest is awarded in Delaware as a matter of right and not of judicial discretion.") (quoting *Moskowitz v. Mayor & Council of Wilmington*, 391 A.2d 209, 210 (Del. 1978)); *F.E. Myers Co. a Div. of McNeil Corp. v. Pipe Maint. Servs., Inc*., 599 F.Supp. 697, 704 (D. Del. 1984) ("Under Delaware law, prejudgment or moratory interest has been permitted as part of the damages in cases which involved a breach of contract."); 6 Del. C. §2301(a); 28 U.S.C. §1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.")

Prejudgment interest "accumulates from the date payment was due the plaintiff." *Brandywine*, 34 A.3d at 486–87 (internal citations omitted). The applicable prejudgment interest rate is "5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due." 6 Del. C. §2301(a). The current Federal Reserve discount rate is 2.5%. *Discount Window / Payment System Risk, Current Discount Rates*, Federal Reserve (Sept. 17, 2018), *available at* https://www.frbdiscountwindow.org/en/Pages/Discount-Rates/Current-Discount-Rates.aspx. Thus, the applicable prejudgment interest rate is 7.5%, accumulating since the date of non-payment, June 30, 2018. *See, e.g. Montgomery Cellular Holding Co. v. Dobler*, 880 A.2d 206, 225–26 (Del. 2005) (determining that under 6 Del. C. §2301(a) a flat rate of prejudgment interest equal to 5% plus the federal discount rate was appropriate).

## CONCLUSION

For the foregoing reasons, Walgreens respectfully requests that the Court grant

Walgreens' Motion for Summary Judgment on its breach of contract claim against Theranos, and

enter an order awarding Walgreens damages in the amount of $5 million, pre- and post-judgment

interest to the extent allowed by law, and such other relief as the Court may deem just and

proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

David A. Gordon
Kristen R. Seeger
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000


Dated: September 17, 2018
Public version dated: September 24, 2018

By:   */s/ Kevin R. Shannon*
        Kevin R. Shannon (#3137)
        Christopher N. Kelly (#5717)
        Alan R. Silverstein (#5066)
        Hercules Plaza
        P.O. Box 951
        Wilmington, DE 19899
        (302) 984-6000
        kshannon@potteranderson.com
        ckelly@potteranderson.com
        asilverstein@potteranderson.com

*Attorneys for Plaintiff Walgreen Co.*